IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-02225-REB-BNB

JUDY ANN BAT,

Plaintiff,

v.

A.G. EDWARDS & SONS, INC.,

Defendant.

_____

**ORDER**
_____

This matter is before me on the **Plaintiff's Motion to Compel Complete 30(b)(6) Deposition and Motion for Extension of the Discovery Deadline** (the "Motion to Compel"), filed July 15, 2005. I previously denied the Motion to Compel except with respect to Rule 30(b)(6) deposition categories 8, 12, 13, 26, 53, and 54, which I took under advisement. With respect to those matters, the Motion to Compel is GRANTED IN PART and DENIED IN PART, as specified below.

This is an employment discrimination case in which the plaintiff asserts a single claim for relief based on alleged retaliation under 42 U.S.C. § 2000e-3(a). In particular, the plaintiff claims that she was terminated by the defendant in retaliation for complaining about gender-based discriminatory conduct in the workplace. Complaint, ¶¶93-94. The plaintiff does not assert a claim for gender-based discrimination, however.

According to the Complaint, the plaintiff was employed by the defendant beginning in July 2000 and was terminated on July 2, 2003. Complaint, ¶¶8, 84-87. She worked as a Wealth

Management Consultant ("WMC") in the defendant's Greenwood Village office. Id. at ¶¶8, 10. The plaintiff alleges that she complained to her employer about the following acts of gender-based discrimination:

¶¶20-21, 63, 69.[1]  That Paul Coffee, the Regional Director of the defendant's Western Region, discriminated against her based on her gender by ignoring her, failing to speak to her, and providing no guidance or support to her.

¶¶23, 25, 35-36, 56.  That she was placed on an action plan based on inadequate performance at a time when she was experiencing extremely difficult personal issues in her life. Male employees dealing with similar personal problems were given far more latitude than was the plaintiff.

¶¶73-74.  That she complained about Paul Coffee and Mark Tulley, who was responsible for overseeing WMCs, because they engaged in a pattern of gender discrimination by (1) hiring a manager with a known history and present pattern of sexual behavior and (2) condoning the firing of a female employee who was improperly propositioned by this manager.  In addition, the plaintiff complained that Mr. Tulley engaged in an inappropriate sexual relationship with an employee.

On June 3, 2005, the plaintiff served a Rule 30(b)(6) deposition notice (the "Notice") on the defendant.  The Notice identifies 54 matters on which examination was requested.  The six matters now at issue request the defendant to designate a witness to testify on the following topics:

        8. All gender discrimination complaints and allegations made

---

[1]All references to the plaintiff's alleged complaints are to the paragraphs of the Complaint filed October 26, 2004.

>against [the defendant] in the Western Region from 1998 through the present, and how each of these complaints or allegations were investigated and/or resolved by [the defendant].
>
>12. All gender discrimination and retaliation litigation, whether in court or arbitration, brought against [the defendant] from 1998, arising in or concerning the Western Region, from 1998 through the present.
>
>13. Any studies, analyses or other methodologies used by [the defendant] from 1998 through the present to determine whether women are underrepresented [sic] in any position or level of the company at [the defendant] in the Western Region.
>
>26. The gender makeup of the Western [R]egion work force relative to other regions.
>
>53. The accommodations [the defendant] made for male employees with serious illnesses or personal problems in the Western Region.
>
>54. Whether [the defendant] was aware of Mr. Pappas' sexual harassment of female employees and what [the defendant] did when it became aware of this.

Motion to Compel, Exh. A, at ¶¶8, 12, 13, 26, 53, and 54.

The defendant objected to these categories of examination as overly broad, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence "given that [the plaintiff] is not claiming gender discrimination" and in view of her "sole claim of retaliation." Motion to Compel, Exh. D, at pp.2-4. I am informed that the defendant has indicated that it will not produce a representative to testify on these six matters.

The plaintiff argues that the information sought is relevant because as a part of her retaliation claim she will have to "prove by a preponderance of the evidence that she had a reasonable, good faith belief in the gender discrimination complaints which prompted the retaliation against her." Motion to Compel, ¶10.

A Title VII plaintiff alleging a retaliatory discharge must make a prima facie showing that (1) she engaged in protected opposition to discrimination or that she participated in a proceeding arising out of discrimination; (2) she was the subject of an adverse action by her employer subsequent to the protected activity; and (3) there is a causal connection between her activities and the adverse action. Robbins v. Jefferson County School Dist. R-1, 186 F.3d 1253, 1258 (10th Cir. 1999), *abrogated on other grounds by* Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002); Archuleta v. Colorado Dept. of Institutions, 936 F.2d 483, 486 (10th Cir. 1991). Title VII extends protection to those who informally voice complaints to their superiors or who use their employer's internal grievance procedures. Id.

To prevail on a claim of retaliation, the plaintiff need not prove the validity of the complaint or grievance she alleges as the basis for the retaliation. As the Tenth Circuit Court of Appeals explained in Zinn v. McKune, 143 F.3d 1353 (10th Cir. 1998):

> Although the complaint that triggers the retaliation need not ultimately be upheld, the plaintiff must have had a reasonable good faith belief that defendant was engaging in discrimination.

Id. at 1362 (internal citation omitted). Similarly, in Robbins v. Jefferson County School Dist., the circuit court held that "a plaintiff does not have to prove the validity of the grievance she was allegedly punished for lodging; 'opposition activity is protected when it is based on a mistaken good faith belief that Title VII has been violated.'" 186 F.3d at 1258 (quoting Love v. Re/Max of America, Inc., 738 F.2d 383, 385 (10th Cir. 1984).

Consequently, the plaintiff will not have to prove that the defendant is guilty of any gender-based discrimination whatsoever. She will have to prove, however, that she had a good faith belief, even if mistaken, that the defendant engaged in the gender-based misconduct about

which the plaintiff alleges she complained.

I agree with the defendant that generalized discovery concerning possible gender-based discrimination across the defendant's Western Region and for a period of time greater than the period of the plaintiff's employment is not relevant to the matters at issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. See Heward v. Western Electric Co., Inc., 1984 WL 15666 *7 (10th Cir. July 3, 1984)( affirming the trial court's limitation on discovery in an employment discrimination case to the relevant work unit; ruling that broad discovery must be justified by a showing of a "more particularized need and relevance"; and cautioning against permitting discovery to be used of a "fishing expedition[]"). Only discovery directed at the plaintiff's good faith belief in the discrimination about which she alleges she complained is relevant.  Those complaints are limited in time to the dates of her employment--June 2000 through July 2, 2003--and to the conduct of Paul Coffee and Mark Tulley.  In addition, the relevant inquiry is further limited to Mr. Coffee's treatment of the plaintiff; to the appropriateness of placing the plaintiff on an action plan and whether male employees in the Western Region experiencing similar personal issues were treated differently than was the plaintiff; whether Messrs. Coffee and Tulley hired a manager with a known history of sexual misconduct and condoned the firing of a female employee who was improperly propositioned by this manager; and whether Mr. Tulley engaged in an inappropriate sexual relationship with an employee.

The plaintiff also seeks an extension of the discovery cut-off by 60 days in order to take the Rule 30(b)(6) deposition and the deposition of Mark Tulley.  The pendency of this Motion to Compel and the efficiency of traveling to St. Louis, Missouri, only once for both the Rule

30(b)(6) deposition and the deposition of Mr. Tulley constitute good cause to extend the discovery cut-off by 60 days to complete that discovery.  No argument is presented to justify extending the discovery cut-off generally.

IT IS ORDERED that the Motion to Compel is GRANTED to require the defendant to produce a Rule 30(b)(6) witness to testify about the following matters:

For the period of time from June 2000 through July 2, 2003, facts concerning Mr. Coffee's treatment of the plaintiff; the appropriateness of placing the plaintiff on an action plan and whether male employees in the Western Region experiencing similar personal issues were treated differently than was the plaintiff; whether Messrs. Coffee and Tulley hired a manager with a known history of sexual misconduct and condoned the firing of a female employee who was improperly propositioned by this manager; and whether Mr. Tulley engaged in an inappropriate sexual relationship with an employee.

IT IS FURTHER ORDERED that the Motion to Compel is GRANTED insofar as it seeks to extend the discovery cut-off to and including **October 28, 2005**, solely to permit the plaintiff to conduct the Rule 30(b)(6) deposition and the deposition of Mark Tulley.

The Motion to Compel is DENIED in all other respects.

Dated August 22, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge