IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-02225-REB-BNB

JUDY ANN BAT,

Plaintiff,

v.

A.G. EDWARDS & SONS, INC.,

Defendant.
_____

**ORDER**
_____

This matter is before me on **Defendant's Motion for Attorneys' Fees** [Doc. # 66, filed 12/5/05] (the "Motion"). Defendant seeks an award of its attorneys' fees in connection with the Plaintiff's Motion to Compel Re: First Set of Written Discovery [Doc. # 46, filed 8/16/05] (the "Motion to Compel"), and my Order [Doc. # 63, filed 11/18/05] denying the Motion to Compel. The Motion is GRANTED.

The Motion to Compel sought an order compelling discovery with respect to 16 interrogatories, 18 requests for production of documents, and 9 requests for admissions. I denied the Motion to Compel in its entirety in a 22 page order. In some instances, I found that the discovery requests were improper as, for example, constituting blockbuster requests or seeking irrelevant material. In other instances, I found that the plaintiff had failed to provide sufficient information to allow me to rule on the Motion to Compel. In still other instances, I found that the discovery requests had been responded to fully. My overarching concern, however, was that

the plaintiff had flagrantly violated the requirements of local rule of practice 7.1A, D.C.COLO.LCivR, which requires:

> The court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

At the end of the Order denying the Motion to Compel, I invoked the authority of Rule 37(a)(4), Fed. R. Civ. P., and invited the defendant to seek an award of its attorneys' fees, stating:

> Rule 37(a)(4), Fed. R. Civ. P., provides that if a motion to compel is denied a court may, "after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party . . . who opposed the motion the reasonable expenses in opposing the motion, including attorney's fees. . . ." I will consider awarding the defendant its costs and attorney's fees in opposing the Motion to Compel if it files a motion seeking such an award, supported by an appropriate affidavit and detailed, contemporaneous time records.

Order [Doc. #63] at p.21.

The defendant filed the instant Motion as a result. The Motion seeks an award of fees in the amount of $2,706.00, and is supported by the Affidavit of Mary Hurley Stuart (the "Stuart Aff.") and by contemporaneous time records. The Motion indicates that Ms. Stuart has been licensed to practice law in Colorado since 1981; is a partner in the law firm of Holme Roberts & Owen LLP; that she billed one hour in connection with opposing the Motion to Compel; and that her billing rate is $350.00 per hour. Stuart Aff. at ¶¶1-2, 5-6. The Motion also seeks the award of fees for the efforts of Levi D. Williamson in resisting the Motion to Compel. Mr. Williamson

has been licensed to practice law since 2003; is an associate at Holme Roberts & Owen LLP;

billed 12.4 hours on this matter; and has a billing rate of $190.00 per hour. Id. at ¶¶3-5, 7.

In Robinson v. City of Edmond, 160 F.3d 1275 (10th Cir. 1998), the Tenth Circuit Court of Appeals reviewed the approach to be used in calculating an award of attorneys' fees, stating:

> To determine the reasonableness of a fee request, a court must begin by calculating the so-called "lodestar amount" of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a "reasonable" fee. The lodestar calculation is the product of the number of attorney hours "reasonably expended" and a "reasonable hourly rate."

Id. at 1281.[1] The analysis has two components: first, whether the hours billed "were 'necessary' under the circumstances," id.; and second, whether the hourly rate charged "is the prevailing market rate in the relevant community." Guides, Ltd. v. Yarmouth Group Property Management, Inc., 295 F.3d 1065, 1078 (10th Cir. 2002).

The plaintiff opposes the Motion arguing that (1) the defendant failed to confer as required under D.C.COLO.LCivR 7.1A prior to filing its request; (2) the Motion to Compel was substantially justified on its merits, precluding the award of attorneys' fees; (3) any conference under Rule 7.1A prior to filing the Motion to Compel would have been futile; and (4) the hourly rates and the number of hours claimed are excessive. Plaintiff's Response to Defendant's Motion for Attorney Fees [Doc. # 72, filed 12/27/05] (the "Response").

The posture of this Motion, which I invited in the Order of November 18, 2005, is materially different from the plaintiff's Motion to Compel. Under these materially different circumstances, plaintiff's reliance on D.C.COLO.LCivR 7.1A is misplaced.

---

[1] Robinson involved an attorneys' fee award under 42 U.S.C. § 1988. The approach also is appropriate under Rule 37, Fed. R. Civ. P.

The Motion to Compel was not substantially justified. To the contrary, I find that the Motion to Compel was unfounded and was interposed for the improper purpose of putting the defendant to unnecessary effort as part of a scorched earth litigation strategy. Much of the discovery subject to the Motion to Compel was composed of improper blockbuster requests which were designed to put the defendant to enormous and improper effort and expense to respond. Most of the discovery dispute should have been resolved by good-faith negotiations, but plaintiff's counsel stubbornly refused to engage in any such negotiations.[2] I denied the Motion to

---

[2]The approach to Rule 7.1A adopted by plaintiff's counsel was to send a single letter to the defendant demanding compliance, as follows:

> While we would prefer to not engage in constant motions practice arising from you and your client's failure to comply with the most fundamental requirements of discovery, it would seem that will be necessary. Again, if we do not obtain you and your client's compliance on these deficiencies by close of business Wednesday [the next day] we will file a motion to compel requesting that severe sanctions be imposed by the Court against you and your client. Please advise which route you and your client intend to take.

Order [Doc. # 63] at p.3. Defense counsel responded immediately, stating:

> I have received your letter of today's date concerning discovery issues. As you know, we have a deposition in this case scheduled for tomorrow. Accordingly, I will not be able to respond to your letter by the close of business tomorrow. If you wish to discuss the issues concerning the discovery responses, I have time on Thursday afternoon when we can have a telephone conference on these matters.

Id. at p.4.

The only response to this offer to confer was a single e-mail sent on the Saturday before the Motion to Compel was filed, stating that "[o]n Monday we are filing the motion to compel as to your objections and your clients' [sic] answers, or lack thereof, as to Ms. Bat's first set." Id.

Compel in its entirety.

The assertion that compliance with local rule 7.1A would have been futile is belied by defense counsel's request to confer quoted in the note.

Finally, I find that the hours expended in responding to the Motion to Compel were reasonable and necessary under the circumstances and the hourly rates charged by the two lawyers were within the prevailing market rate in the metropolitan Denver area. The bulk of the work was performed, as it should have been, by a less experienced lawyer. Mr. Williamson billed 12.4 hours (approximately 1-1/2 working days) to review the 18 page Motion to Compel and the 43 disputed discovery requests; conduct legal research in order to respond to the Motion to Compel; review the correspondence between the parties leading up to the Motion to Compel; and draft and finalize the response. Ms. Stuart, a senior lawyer, properly limited her role to a one hour review of the draft response prepared by Mr. Williamson.

The plaintiff criticizes the response to the Motion to Compel because it contains "not even 4 pages of argument. . . ." Response at p.5. The arguments advanced by the defendant in its response to the Motion to Compel were succinct, persuasive, and correct, reflecting perhaps greater effort rather than less. I find that the hours claimed by the defendant are reasonable and were necessarily expended in responding to the Motion to Compel.

To establish that the hourly rate charged is the prevailing market rate, the party seeking its attorneys' fees must:

> [P]roduce satisfactory evidence--in addition to the attorney's own affidavits--that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. A rate determined in

>this way is normally deemed to be reasonable and is referred to--for convenience--as the prevailing market rate.

Guides, Ltd., 295 F.3d at 1078 (quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)).

Here, as in the Guides, Ltd. case, the only evidence offered in support of defendant's claim that the hourly rates are reasonable is the affidavit of Ms. Stuart, which states that "[t]he fees incurred were reasonable, customary and necessary for opposing the Motion to Compel." Stuart Aff. at ¶9.

Where, as here, "a district court does not have before it adequate evidence of prevailing market rates, the court may use other relevant factors, including its own knowledge, to establish the rate." Guides, Ltd., 295 F.3d at 1079. See Praseuth v. Rubbermaid, Inc., 406 F.3d 1245, 1259 (10th Cir. 2005)(approving the district court's determination of the applicable hourly rate by "relying on its knowledge of rates for lawyers with comparable skill and experience practicing" in the relevant market). I am familiar with the rates charged by lawyers in the metropolitan Denver area. I practiced law in the community for nearly 20 years, from 1981 through 2000. In addition, I review fee applications as a part of my current responsibilities as a United States magistrate judge for the District of Colorado sitting in Denver. Hourly rates of $350.00 for a senior lawyer with 24 years' experience and $190.00 for a lawyer with two years' experience are within the prevailing market rate for the Denver area. My conclusion is bolstered by the fact that the plaintiff's lawyer, Mr. Feola, acknowledges that with 16 years' experience he charges $275.00 per hour. *Response* at p.4.

Finally, I find that the fee award should be entered against the plaintiff's lawyer and not against the plaintiff. Matters relating to discovery normally are within the purview of the lawyer,

not the client. In particular, the duty to confer imposed by D.C.COLO.LCiv R 7.1A is a duty imposed on the lawyer, not on the party. The Motion to Compel is signed by Mr. Feola. The correspondence between the parties leading up to the Motion to Compel is between defense counsel and Mr. Feola. Accordingly, I award fees against Mr. Feola, and not against the plaintiff.

IT IS ORDERED that the Motion is GRANTED. The defendant is awarded its attorneys' fees reasonably and necessarily incurred in resisting the Motion to Compel in the amount of $2,706.00. The award is made against David C. Feola, and not against the plaintiff.

IT IS FURTHER ORDERED that Mr. Feola shall tender payment on or before **March 6, 2006**.

Dated February 21, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge