IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02225-REB-BNB

JUDY ANN BAT,

Plaintiff,

v.

A.G. EDWARDS & SONS, INC.,
a Delaware Corporation,

Defendant.

**ORDER RESOLVING DEFENDANT'S OBJECTIONS TO PLAINTIFF'S DESIGNATIONS AND CROSS-DESIGNATIONS OF MARK D. TULLEY'S DEPOSITION TESTIMONY**

**Blackburn, J.**

The matter before me is **Defendant's Objections To Plaintiff's Designation Of Mark D. Tulley's Deposition Testimony** [#120] filed May 16, 2006. I enter the following orders 1) to resolve defendant's objections to plaintiff's designations and cross-designations; 2) to provide for the redaction of the videotaped deposition consistent with my rulings on defendant's objections; and 3) to require the preparation of a revised transcript of the deposition to indicate by "strikeout" those excerpts that have been excised as a result of my rulings on defendant's objections.[1]

---

[1] By separate order I have entered similar orders vis-à-vis **Plaintiff's Objections To AGE's Designation Of Tulley Deposition** [#123] filed May 15, 2006. *See* **Order Resolving Plaintiff's Objections To AGE's Designation Of Tulley Deposition** entered February 8, 2007.

1

**THEREFORE, IT IS ORDERED** as follows:

1. That defendant's objections to all non-testimonial portions of the testimony of Mark D. Tulley by videotaped deposition, including statements and objections of counsel and statements by the videographer,[2] **ARE SUSTAINED**; provided, furthermore, that all such non-testimonial portions **SHALL BE EXCISED** from the videotaped deposition and **SHALL NOT BE BROADCAST** to the jury;

2. That defendant's objections to plaintiff's designations and cross-designations of Mark D. Tulley's videotaped, preservation deposition are resolved as indicated in the table below under the column labeled "Ruling":

| Testimony | Objection(s) | Ruling |
|---|---|---|
| Page 5, line 19 through Page 6, line 22 | Fed. R. Evid. 402 (irrelevant) | **Overruled** |
| Page 7, line 1 through Page 9, line 12 | Fed. R. Evid. 402 (irrelevant) | **Overruled** |
| Page 10, line 12 through Page 11, line 10 | Fed. R. Evid. 402 (irrelevant) | **Overruled, except Sustained as to 10:12-14**[3] |
| Page 12, line 25 through Page 16, line 2<br>Page 16, line 19 through Page 17, line 3 | Fed. R. Evid. 402 (irrelevant); Fed. R. Evid. 403 (waste of time) | **Overruled, except Sustained as to 16:3-25** |

---

[2] This does not include the introduction by the videographer and the swearing of the deponent-witness at page 5, lines 1-13.

[3] The number to the left of the colon identifies the page in the transcript of the deposition, and the number(s) to the right of the colon identifies the line(s) on the designated page. This method of citation will be used throughout this order.

| Testimony | Objection(s) | Ruling |
|---|---|---|
| Page 18, line 14 through Page 19, line 11 | Fed. R. Evid. 402 (irrelevant); Fed. R. Evid. 403 (waste of time); Fed. R. Evid. 602 (lack of foundation) | **Sustained** |
| Page 20, line 5 through Page 21, line 2 | Fed. R. Evid. 402 (irrelevant); statements of counsel – not testimony of Mr. Tulley | **Sustained** |
| Page 22, line 9 through Page 23, line 23 | Fed. R. Evid. 402 (irrelevant); Fed. R. Evid. 403 (waste of time) | **Sustained** |
| Page 24, line 15 through Page 25, line 10 | Fed. R. Evid. 602 (lack of foundation) | **Overruled** |
| Page 32, line 19 through Page 34, line 8 | Fed. R. Evid. 611(a) (mischaracterizes documents); Fed. R. Evid. 1002 (the document is the best evidence); statements of counsel – not testimony of Mr. Tulley, not questions; Fed. R. Evid. 402 (irrelevant) | **Sustained** |
| Page 37, lines 4-21 | Fed. R. Evid. 402 (irrelevant); Fed. R. Evid. 611(a)(asked and answered) | **Overruled** |
| Page 40, lines 6-18 | Fed. R. Evid. 402 (irrelevant) | **Sustained** |
| Page 76, lines 18-25 | Fed. R. Evid. 402 (irrelevant); statements of counsel – not testimony of Mr. Tulley, not a question | **Sustained** |
| Page 79, line 14 through Page 80, line 8 | Fed. R. Evid. 402 (irrelevant); Fed. R. Evid. 611(a)(mischaracterizes prior testimony) | **Overruled, except Sustained as to 79:14-15** |
| Page 83, line 10 through Page 86, line 1, Page 86, line 14 through Page 87, line 12 | Fed. R. Evid. 402 (irrelevant); Fed. R. Evid. 602 (lack of foundation) | **Sustained** |

| Testimony | Objection(s) | Ruling |
|---|---|---|
| Page 89, lines 7-9 | Question withdrawn – not testimony | **Sustained** |
| Page 112, lines 17-18 | Statements of counsel – not testimony | **Sustained** |
| Page 113, line 23 | Fed. R. Evid. 402 (irrelevant); statement of counsel – not testimony of Mr. Tulley, waste of time | **Sustained** |
| Page 124, lines 8-17 | Fed. R. Evid. 402 (irrelevant); Fed. R. Evid. 403 (waste of time); statements of counsel – not testimony of Mr. Tulley | **Sustained** |
| Page 124, line 18 through Page 125, line 22 | Objection to Exhibit 5 under Fed. R. Evid. 402 (irrelevant); Fed. R. Evid. 802 (hearsay); Fed. R. Evid. 403 (confusion of issues, waste of time); Fed. R. Evid. 602 (lack of foundation) | **Sustained** |
| Page 125, line 23 through Page 126, line 24 | Objection to Exhibit 6 under Fed. R. Evid. 402 (irrelevant); Fed. R. Evid. 802 (hearsay) and all questions relating to Exhibit 6 | **Sustained** |
| Page 126, line 25 through Page 129, line 14, Page 130, lines 9 through 15 | Objection to Exhibit 7 under Fed. R. Evid. 402 (irrelevant); Fed. R. Evid. 802 (hearsay); Fed. R. Evid. 805 (hearsay within hearsay); Fed. R. Evid. 403 (waste of time, cumulative) and all questions relating to Exhibit 7 as irrelevant and calling for hearsay | **Overruled, except Sustained as to 126:25-129:14** |

| Testimony | Objection(s) | Ruling |
|---|---|---|
| Page 130, line 16 through Page 132, line 8 | Objection to Exhibit 8 under Fed. R. Evid. 402 (irrelevant) and all questions related to Exhibit 8 as irrelevant; Fed. R. Evid. 602 (lack of foundation) | **Sustained** |
| Page 133, lines 1-14, 17-22 | Fed. R. Evid. 402 (irrelevant); Fed. R. Evid. 403 (waste of time); statements of counsel – not testimony | **Sustained** |
| Page 135, lines 24-25, Page 136, lines 1-7 | Fed. R. Evid. 402 (irrelevant); Fed. R. Evid. 403 (waste of time); Fed. R. Evid. 611(a)(asked and answered) | **Overruled** |
| Page 137, lines 1-8, 18-25, Page 138, lines 8-9, 13-14, 17, 23-25 | Fed. R. Evid. 402 (irrelevant); Fed. R. Evid. 403 (waste of time); statements of counsel – not testimony of Mr. Tulley | **Sustained** |

5

| Testimony | Objection(s) | Ruling |
| --- | --- | --- |
| Page 139, lines 1, 6-25, Page 140, lines 1-23, Page 141, lines 4-13, 20, Page 142, lines 9-11, 17, Page 142, line 25 through Page 143, line 4, Page 143, lines 8, 24-25, Page 144, line 1 | Fed. R. Evid. 402 (irrelevant), Fed. R. Evid. 403 (waste of time); statements of counsel – not testimony of Mr. Tulley, waste of time | **Sustained** |

| Testimony | Objection(s) | Ruling |
|---|---|---|
| Page 144, line 9, Page 145, lines 11-17, 25, Page 146, lines 3-5, 24, Page 147, lines 10, 17, 24-25, Page 148, lines 1, 4, 7-15, Page 150, lines 3-8, 13, Page 151, lines 1, 9, 14, Page 152, lines 1-3, 7, 9-11, 18-19, Page 152, line 25 through Page 153, line 1, Page 153, lines 17-19, Page 154, lines 3, 8-13, 16-19, Page 155, lines 16-17, 21-22, Page 156, lines 7, 12, 18-19, Page 157, line 5, Page 158, lines 6-9, Page 159, lines 4-6, 17, 21, Page 160, lines 13, 25, Page 161, line 4, Page 162, line 2, Page 163, lines 15-16, Page 164, lines 15-17, Page 164, line 24 through Page 165, line 1, Page 165, lines 13-14, Page 166, line 1, Page 167, line 24 through Page 168, line 1, Page 168, lines 10-11, 24-25, Page 169, lines 18, 21-24, Page 171, line 5, Page 172, line 6-8, Page 173, line 15 through Page 174, line 6, Page 174, lines 19-20, Page 175, lines 3-9, Page 176, lines 12-13, 18-25 | Fed. R. Evid. 403 (waste of time); Fed. R. Evid. 402 (irrelevant); statements of counsel – not testimony of Mr. Tulley, waste of time | **Sustained**, except as follows: 1) as to 163:15-16 the objection applies to 163:14-16; 2) as to 167:13-25 plaintiff's objection (hearsay) is sustained, and plaintiff's motion to strike is granted; 3) as to 168:7-11 plaintiff's objection is sustained; and 4) as to 176:10-17 plaintiff's objection is sustained, and plaintiff's motion to strike is granted. |

| Testimony | Objection(s) | Ruling |
| --- | --- | --- |
| Page 177, lines 4-18, 22-24, Page 178, lines 14-23, Page 179, lines 6-7, 9-25, Page 180, line 1 | Fed. R. Evid. 402 (irrelevant) | **Overruled** |
| Page 181, lines 22-25 | Fed. R. Evid. 611(a)(mischaracterizes prior testimony) | **Overruled** |
| Page 187, line 15 through Page 188, line 14 | Fed. R. Evid. 611(a)(mischaracterizes prior testimony); Fed. R. Evid. 602 (lack of foundation) | **Overruled** |
| Page 191, line 22 through Page 192, line 13 | Fed. R. Evid. 402 (irrelevant) | **Overruled** |
| Page 193, line 14 through Page 194, line 16 | Fed. R. Evid. 602 (lack of foundation); Fed. R. Evid. 611(a)(assumes facts not in evidence, mischaracterizes prior testimony) | **Sustained** |
| Page 194, line 22 through Page 195, line 14 | Fed. R. Evid. 602 (calls for speculation, lacks foundation); Fed. R. Evid. 611(a) (mischaracterizes Mr. Tulley's testimony); statements of counsel – not testimony of Mr. Tulley | **Sustained** |
| Page 200, line 23 through Page 201, line 4, | Fed. R. Evid. 402 (irrelevant); Fed. R. Evid. 802 (hearsay); Fed. R. Evid. 602 (lack of foundation) | **Overruled** |
| Page 202, line 1 through Page 203, line 7 | Fed. R. Evid. 402 (irrelevant); Fed. R. Evid. 403 (confusing) | **Overruled** |
| Page 208, line 17-22 | Fed. R. Evid. 611(a) (asked and answered) | **Sustained, but as to 208:17-24** |

3. That the parties **SHALL PREPARE AND FILE** jointly a redacted version of the videotaped deposition of Mark D. Tulley, which redacted version conforms to the requirements of the orders above;[4] and

4. That the parties **SHALL PREPARE AND FILE** jointly a revised transcript of the videotaped deposition of Mark D. Tulley to indicate by "strikeout" those excerpts that have been excised as a result of the orders above.[5]

Dated February 8, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**

**United States District Judge**

---

[4] I have entered the identical order in my **Order Resolving Plaintiff's Objections To AGE's Designations Of Tulley Deposition** entered February 8, 2007. However, only **one (1)** jointly a redacted version of the videotaped deposition of Mark D. Tulley is required. However, this one, jointly filed version shall reflect all of the redactions and excisions required in both my orders vis-à-vis defendant's and plaintiff's objections.

[5] I have entered the identical order in my **Order Resolving Plaintiff's Objections To AGE's Designations Of Tulley Deposition** entered February 8, 2007. however, only **one (1)** jointly redacted transcript of the videotaped deposition of Mark D. Tulley is required. However, this one, jointly filed transcript shall reflect and indicate by "strikeout" all of the redactions and excisions required in both my orders vis-à-vis defendant's and plaintiff's objections.