IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02225-REB-BNB

JUDY ANN BAT,

    Plaintiff;

    v.

A.G. EDWARDS & SONS, INC.,

    Defendant

---

**ORDER RESOLVING PLAINTIFF'S OBJECTIONS
TO AGE'S DESIGNATIONS OF TULLEY DEPOSITION**

---

The matter before me is **Plaintiff's Objections To AGE's Designations Of Tulley Deposition** [#123] filed May 15, 2006. I enter the following orders 1) to resolve plaintiff's objections to defendant's designations; 2) to provide for the redaction of the videotaped deposition consistent with my rulings on plaintiff's objections; and 3) to require the preparation of a revised transcript of the deposition to indicate by "strikeout" those excerpts that have been excised as a result of my rulings on plaintiff's objections.[1]

---

[1] By separate order I have entered similar orders vis-à-vis **Defendant's Objections To Plaintiff's Designation Of Mark D. Tulley Deposition Testimony** [#120] filed May 15, 2006. *See* **Order Resolving Defendant's Objections To Plaintiff's Designation Of Mark D. Tulley Deposition Testimony** entered February 8, 2007.

**THEREFORE, IT IS ORDERED** as follows:

1. That plaintiff's objections to defendant's designations of Mark D. Tulley's videotaped, preservation deposition are resolved as indicated in the table below under the column labeled "Ruling":

| Designation | Objections | Ruling |
|---|---|---|
| 5/1-18 | None, but Plaintiff designation/cross-designation should also be read to jury. | **No ruling necessary** |
| 6/23-25 | None, but Plaintiff designation/cross-designation should also be read to jury. | **No ruling necessary** |
| 9/13 - 10/11 | Witness' present employment, lack thereof, irrelevant. | **Overruled** |
| 11/11-15 | None, but Plaintiff designation/cross-designation should also be read to jury. | **No ruling necessary** |
| 25/11-17 | None, but Plaintiff designation/cross-designation should also be read to the jury. | **No ruling necessary** |
| 35/4-18 | Best evidence rule; speculation. | **Overruled** |
| 40/19-43/9 | None, but Plaintiff designation/cross-designation should also be read to the jury. | **No ruling necessary** |
| 44/4-13 | Waste of time; witness does not know answer to questions. | **Overruled** |
| 44/15-20 | None, but Plaintiff designation/cross-designation should also be read to the jury. | **No ruling necessary** |

| | | |
|---|---|---|
| 45/3-50/24 | 45/3-46/14 is irrelevant history, without corroboration; no objections to through 48/10; 48/11-50/24 is irrelevant history and contains substantial speculation. | **Overruled** |
| 51/7-60/22 | 51/7-52/25, no objection; 53/8-23 is speculation and hearsay; 53/24-55/12, no objection; 55/13-56/1, hearsay; 56/1-57/7, no objection; balance no objection, but Plaintiff designation/cross-designation should also be read to the jury, | **Overruled** |
| 61/25-62/18 | None, but Plaintiff designation/cross-designation should also be read to the jury. | **No ruling necessary** |
| 63/22-64/18 | None, but Plaintiff designation/cross-designation should also be read to the jury. | **No ruling necessary** |
| 65/18-68/13 | None other than 67/3-68/15, which contains hearsay testimony about who was "best," rest shows witness not competent, and as to these pages Plaintiff designation/cross-designation should also be read to the jury. | **Overruled** |
| 72/18-73/9 | None, but Plaintiff designation/cross-designation should also be read to the jury. | **No ruling necessary** |
| 75/3-76/17 | Answers are non-answers, non-responsive, argumentative, without probative value and irrelevant; if admitted Plaintiff designation/cross-designation should also be read to the jury. | **Overruled** |

| | | |
|---|---|---|
| 80/9-81/5; 81/18-82/15 | Waste of time; witness speculating based on earlier testimony. | **Overruled** |
| 86/2-13 | Witness speculating. | **Sustained** |
| 87/13-89/6 | None other than 88/16-89/9, which is unintelligible hearsay and hearsay within hearsay of no probative value, irrelevant and likely to confuse jury; if admitted Plaintiff designation/cross-designation should also be read to the jury. | **Overruled, except Sustained as to 89:7-9**[2] |
| 89/10-112/16 | 90/17-93/1, 101/13-104/1, 105/1-106/6, is unintelligible, incompetent hearsay and hearsay within hearsay of no probative value, irrelevant and likely to confuse jury; 108/18-115/8 contains non-responsive, argumentative answers and answers with confusing argument, hearsay without probate value and confusing to the jury; if admitted Plaintiff designation/cross-designation should also be read to the jury; no objection to balance but Plaintiff designation/cross-designation should also be read to the jury. | **Overruled** |
| 113/24-114/17 | *See* above. | **Objection waived for lack of specificity** |

---

[2] The number to the left of the colon identifies the page in the transcript of the deposition, and the number(s) to the right of the colon identifies the line(s) on the designated page. This method of citation will be used throughout this order.

| | | |
|---|---|---|
| 114/7-115/8 | None, but Plaintiff designation/cross-designation should also be read to the jury. | **No ruling necessary** |
| 118/3-16 | Answer is non-responsive after first sentence. | **Overruled** |
| 118/17-124/7 | 119/14-120/18 is irrelevant history; 121/24-125/22 contains irrelevant hearsay testimony also barred by best evidence rule; if admitted Plaintiff designation/cross-designation should also be read to the jury; no objection to balance but Plaintiff designation/cross-designation should also be read to the jury. | **Overruled, except Sustained as to 124:8-17** |
| 129/15-23; 130/4-8 | None. | **No ruling necessary** |
| 134/25-135/3 | None. | **No ruling necessary** |
| 137/9-17; 138/1-7, 10-12, 15-16, 18-22; 139/2-5; 140/24-141/3; 141/9-12, 14-19, 21-25; 142/1-8, 12-16, 18-24; 143/5-7, 9-23. | Leading testimony by counsel; improper question and answer process; calls for legal conclusions; likely to confuse the jury. | **Overruled as to 137:9-17; 140:24-141:3;141:15-19; 141:21-25; and 143:9-23.**<br><br>**Sustained otherwise** |
| 144/2-8, 10-25 | None, but Plaintiff designation/cross-designation should also be read to the jury. | **No ruling necessary** |
| 145/1-10, 18-24; 146/1-2, 6-23; 146/25-147/9; 147/11-16, 18-23; 148/2-3, 5-6 | Leading testimony by counsel; improper question and answer process; improper opinion testimony based on misleading hypothetical; likely to confuse the jury; beyond the scope. | **Overruled** |

| | | |
|---|---|---|
| 148/16-150/2 | 148/6-149/4, no objection but Plaintiff designation/cross-designation should also be read to the jury; balance is leading testimony by counsel without witness answers on ultimate questions; likely to confuse the jury; beyond the scope. | **Overruled** |
| 150/5-7, 9-12, 14-25; 151/2-8, 10-13, 15-25; 152/4-6, 8, 12-17, 20-24; 153/2-16, 20-25; 154/1-2, 4-7, 14-15, 20-25; 155/1-15, 18-20, 23-25 | Leading testimony by counsel; improper question and answer process; improper opinion testimony based on misleading hypothetical; likely to confuse the jury; beyond the scope. | **Overruled, except as to 1) 150:5-9, to which plaintiff's objection is sustained; 2) 151:11-152:10, which is inadmissible; and 3) 152:12-21 and line 22 up to "Why would . . .," which is inadmissible** |
| 156/1-6, 8-11, 13-17, 20-25 | 156/1-13 was asked and answered; no objection to balance. | **Overruled** |
| 157/1-5, 10-25 | Irrelevant. | **Overruled** |
| 159/1-3, 7-16, 18-20, 22-25 | Irrelevant. | **Overruled** |
| 160/1-12, 14-24 | None. | **No ruling necessary** |
| 161/1-3, 5-25 | None. | **No ruling necessary** |
| 162/1, 3-25 | None. | **No ruling necessary** |
| 163/1-13, 17-25; 164/1-14, 18-23; 165/2-12, 15-25 | Answer nonresponsive; no objections to page 164, first part of page 165; balance of page 165 is speculation, best evidence rule and contains hearsay. | **Overruled** |
| 166/2-167/23 | Irrelevant; beyond the scope; contains hearsay; best evidence rule. | **Overruled** |

| | | |
|---|---|---|
| 168/2-9, 12-23; 169/1-17, 19-20 | Irrelevant; contains hearsay. | **Overruled** |
| 169/25-171/4 | Irrelevant; unintelligible; contains hearsay; nonresponsive; will confuse jury. | **Overruled, except Sustained as to 170:19-171:2** |
| 171/6-172/5; 172/9-173/14; 174/7-18; 174/21-175/2; 175/10-176/11; 176/14-17 | Leading; contains hearsay; nonresponsive; exceeds scope; irrelevant. | **Overruled, except as to 1) 174:21, which is inadmissible; and 2) 176:10-17, which is inadmissible** |
| 177/19-21 | Nonresponsive answer. | **Overruled** |
| 177/25-178/2 | Nonresponsive and argumentative answer. | **Overruled** |
| 178/24-179/5 | Nonresponsive and argumentative answer. | **Overruled** |
| 180/2-12 | Nonresponsive, argumentative, speculative answer; contradicts other testimony that he did not review any documents. | **Overruled** |
| 184/2-185/7 | None up to 184/13; witness "clarification" contradicted by testimony below, on page 185. | **Overruled** |
| 185/16-18 | Answer that witness does not know is not an answer; contradicted by notes correlating to 2003 documents. | **Overruled** |
| 186/20-22 | None. | **No ruling necessary** |

| | | |
|---|---|---|
| 187/4-188/14 | Needless speculation; date of meeting proved by exhibits. | **Overruled** |
| 189/23-191/10; 192/14-25; 193/6-10; 195/15-196/13;196/18-197/5;197/11-25 | Irrelevant based on other testimony that this alleged event played no role in decision to terminate Ms. Bat; if relevant outweighed by unfair prejudicial impact; if admitted Plaintiff designation/cross-designation should also be read to the jury. | **Overruled** |
| 207/14-208/16 | Conditional follow-up to inadmissible testimony; prior objections not waived. | **No ruling necessary** |
| 208/25-209/14 | None. | **No ruling necessary** |
| 211/12-212/7 | Conditional follow-up to inadmissible testimony; prior objections not waived. | **No ruling necessary** |
| 212/14-16 | Conditional follow-up to inadmissible testimony; prior objections not waived. | **No ruling necessary** |
| 212/22-213/6 | None, and to complete, balance of page 213. | **No ruling necessary** |
| 214/4-13 | Lines 10-16 contain nonresponsive, irrelevant testimony about Tulley hiring women after Ms. Bat complained and was fired. | **Sustained** |
| 214/23-215/25 | Whether Tulley hired women after Ms. Bat complained and was fired is irrelevant. | **Sustained** |

| 216/3-19; 216/23-217/2 | Leading; contradicts prior testimony. | **Sustained as to 216:3-19; and Overruled as to 216:23-217:2** |

    2. That the parties **SHALL PREPARE AND FILE** jointly a redacted version of the videotaped deposition of Mark D. Tulley, which redacted version conforms to the requirements of the orders above;[3] and

    3. That the parties **SHALL PREPARE AND FILE** jointly a revised transcript of the videotaped deposition of Mark D. Tulley to indicate by "strikeout" those excerpts that have been excised as a result of the orders above.[4]

    Dated February 8, 2007, at Denver, Colorado.

                                                   **BY THE COURT:**

                                                  **s/ Robert E. Blackburn**
                                                  **Robert E. Blackburn**
                                                  **United States District Judge**

---

[3] I have entered the identical order in my **Order Resolving Defendant's Objections To Plaintiff's Designation Of Mark D. Tulley Deposition Testimony** entered February 8, 2007. However, only **one (1)** jointly a redacted version of the videotaped deposition of Mark D. Tulley is required. However, this one, jointly filed version shall reflect all of the redactions and excisions required in both my orders vis-à-vis defendant's and plaintiff's objections.

[4] I have entered the identical order in my **Order Resolving Defendant's Objections To Plaintiff's Designation Of Mark D. Tulley Deposition Testimony** entered February 8, 2007. However, only **one (1)** jointly redacted transcript of the videotaped deposition of Mark D. Tulley is required. However, this one, jointly filed transcript shall reflect and indicate by "strikeout" all of the redactions and excisions required in both my orders vis-à-vis defendant's and plaintiff's objections.