**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge**

Civil Case No. 04-cv-02225-REB-BNB

JUDY ANN BAT,

      Plaintiff,

v.

A.G. EDWARDS & SONS, INC.,

      Defendant.

---

**ORDER RE: DEFENDANT A.G. EDWARDS & SONS, INC.'S
MOTION FOR ATTORNEYS' FEES AND COSTS**

---

**Blackburn, J.**

The matter before me is **Defendant A.G. Edwards & Sons, Inc.'s Motion for

Attorneys' Fees and Costs** [#194], filed February 28, 2007.  I grant the motion in part

and deny it in part.

**I.  JURISDICTION**

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal

question).

**II.  STANDARD OF REVIEW**

Defendant seeks sanctions under both 28 U.S.C. § 1927 and the court's inherent

powers.  Section 1927 provides:

> Any attorney or other person admitted to conduct cases in
> any court of the United States or any Territory thereof who
> so multiplies the proceedings in any case unreasonably and
> vexatiously may be required by the court to satisfy

personally the excess costs, expenses, and attorneys' fees
reasonably incurred because of such conduct.

28 U.S.C. § 1927.  Under the law of this circuit, "[s]ection 1927 targets conduct that

multiplies the proceedings, which, when 'viewed objectively, manifests either intentional

or reckless disregard of the attorney's duties to the court.'" *Steinert v. Winn Group,*

*Inc.*, 440 F.3d 1214, 1226 (10th Cir. 2006) (quoting *Niera v. Dairyland Insurance Co.*,

143 F.3d 1337, 1342 (10th Cir. 1998)).  Thus, even in the absence of subjective bad

faith, an attorney who acts with recklessness or indifference to the law may be held

accountable under section 1927 for "the costs of his own lack of care."  *Braley v.*

*Campbell*, 832 F.2d 1504, 1511 (10th Cir. 1987) (en banc) (citation and internal

quotation marks omitted).  *See also Dominion Video Satellite, Inc. v. Echostar*

*Satellite L.L.C.*, 430 F.3d 1269, 1278 (10th Cir. 2005).  Although the court should resort

to such sanctions "only in instances evidencing a serious . . . disregard for the orderly

process of justice," *Dreiling v. Peugeot Motors of America, Inc.*, 768 F.2d 1159,

1165 (10th Cir. 1985) (citation and internal quotation marks omitted), "[t]he power to

assess costs, expenses, and attorney's fees against an attorney personally in the

appropriate case is an essential tool to protect both litigants and the ability of the

federal courts to decide cases expeditiously and fairly," *Braley*, 832 F.2d at 1512.

The federal courts possess also the inherent authority to sanction both attorneys

and litigants for conduct that amounts to abuse of the judicial process.  *See Roadway*

*Express, Inc. v. Piper*, 447 U.S. 752, 766, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488

(1980); *Morris v. Adam-Millis Corp.*, 758 F.2d 1352, 1357 n.7 (10th Cir. 1985).

However, to impose an award of attorney's fees against counsel under the court's

inherent powers, the court must find that "counsel's conduct constituted or was

tantamount to bad faith." *Morris*, 758 F.2d at 1357 n.7 (quoting *Roadway Express*,

100 S.Ct. at 2465) (internal quotation marks omitted).

### III.  ANALYSIS

This employment discrimination case was scheduled for an eight-day jury trial

commencing on February 12, 2007.  On the morning of the second day of trial,

plaintiff's counsel, David C. Feola, was questioning Lisa Ford, a former colleague of

plaintiff, about certain statements attributed to her by Dan Moorman.  The following

relevant exchange then occurred:

> Q [by Mr. Feola]:  Do you see where Mr. Moorman in this
> reported e-mail refers to the alleged statements that you
> made to him about certain life insurance cases at the
> bottom?
>
> A [by the witness, Lisa Ford]:  Yes.
>
> Q:  Do you have any recall whatsoever of Mr. Moorman ever
> contacting you, identifying life insurance cases that you had
> worked on with Ms. Bat, or that you had worked on and
> asking you whether you had worked on it with Ms. Bat?
>
> A:  I do not recall a conversation with Dan Moorman
> regarding this issue.
>
> Q:  And did you tell Ms. Stuart [counsel for defendant] that?
>
> A:  Yes, I did.
>
> Q:  Did anything in the conversation you had with Ms. Stuart
> trouble you?
>
> MS. STUART: I am going to object, your Honor, to hearsay.
>
> THE COURT: Response.

> MR. FEOLA: Your Honor, I am not asking her to relay the truth, I am not even asking her to relay a statement, let alone am I trying to establish any truth of any out-of-court statement.
>
> MS. STUART: Then I would also object on relevance grounds.
>
> THE COURT: Your response to that objection. . . . What consequential fact or facts will be implicated by the response to this question?
>
> MR. FEOLA: An attempt to influence testimony.
>
> THE COURT: Pardon me?
>
> MR. FEOLA: An attempt to influence testimony.
>
> THE COURT: Well, that's a matter that we need to discuss outside the presence of the jury. . . . ."

(Tr., Hearing on Motion for Mistrial at 3-4 [#192], filed February 23, 2007.)

The matter then was taken up outside the presence of the trial jurors. Mr. Feola explained that he was seeking to elicit testimony from the witness regarding a telephone call between her and defense counsel a few days before the beginning of the trial. He made the following offer of proof from the witness:

> So essentially the gist of the conversation, I felt like she was twisting what I had said to her in good faith, just trying to help her with this case, and was twisting what I was saying – what I said last summer to make it sound good for her, and that was very frustrating to me because I am an honest person. I just want the truth of the case to get out, and I just want to be here and tell the truth, and I was very frustrated with my conversation with her because I felt she was twisting what I said.

(*Id.* at 7.) Mr. Feola made vague reference to unidentified appellate decisions allegedly supporting his belief that the testimony was relevant to the issues before the

jury, but could provide no apposite citation.[1]  Finding that Mr. Feola's insinuations

about opposing counsel before the jury had irreparably prejudiced the further course of

the proceedings, I declared a mistrial and dismissed the jury.

It is clear that I may award attorney's fees and costs under section 1927 as a

sanction against an attorney whose recklessness or indifference to the law precipitates

a mistrial.  *See Manion v. American Airlines, Inc.*, 395 F.3d 428, 430-32 (D.C. Cir.

2004); *Foster v. City of Southfield*, 1996 WL 742291 at *7 (6th Cir. Dec. 20, 1996),

*cert. denied*, 117 S.Ct. 1844 (1997); *Dowe v. National Railroad Passenger Corp.*,

2004 WL 1393603 at *1-2 (N.D. Ill. June 22, 2004); *Eagan v. Laplace Towing Co.*,

1993 WL 302681 at *2 (E.D. La. Aug. 4, 1993).  Because subjective bad faith is not a

necessary prerequisite to an award under the statute, Mr. Feola's insistence that he did

not intend to cause a mistrial is irrelevant in my calculus.[2]  "To excuse objectively

unreasonable conduct by an attorney would be to state that one who acts with an

empty head and a pure heart is not responsible for the consequences."  *Braley*, 832

F.2d at 1512 (quoting *McCandless v. Great Atlantic and Pacific Tea Co.*, 697 F.2d

198, 200 (7th Cir. 1983)) (internal quotation marks omitted).

Although not apprised of all the particulars, I am aware that the course of this

litigation has been characterized by a considerable amount of acrimony between the

---

[1]  And has failed to bring forward in response to the present motion.

[2]  Mr. Feola attempts to explain his actions by stating that he believed that defense counsel on cross-examination would accuse the witness of changing her story and decided, as a tactical matter, to defuse the issue by bringing it out on direct.  Not only was this argument not advanced at the time of the hearing on the motion for mistrial, but it cannot stand on its own merits.  The witness's testimony must stand or fall on her credibility, a matter as to which defense counsel's prior questioning of the witness bears no relevance.

5

parties and their respective counsel.  Nor is this the first instance in which Mr. Feola

has leveled unfounded allegations of serious misconduct against defendant and its

counsel.  (*See* **Order Granting Defendant's Motions** ***In Limine*** at 1 [#179], filed

January 26, 2007.)  In zealously representing his client, a lawyer must still retain an

objective perspective on the merits of his claims and the viability of his legal arguments.

It is clear to me that Mr. Feola lost such objectivity in preparing and prosecuting this

case.  *See  Braley*, 832 F.2d at 1512 ("[W]e are entitled to demand that an attorney

exhibit some judgment.").   Even now, outside the pressures of trial and having had

ample time for reflection, Mr. Feola apparently still fails to grasp the gravity of what he

has done or to accept the responsibility, which rests wholly on his shoulders, for

precipitating the mistrial.[3]  Although he characterizes his actions as a momentary lapse

in judgment, the prior course of these proceedings indicates otherwise.

In addition, I do not believe that a lawyer of Mr. Feola's credentials and

intelligence could seriously have believed that the matters into which he sought to

inquire of the witness were even remotely relevant to these proceedings.  Nor do I

credit his suggestion that he believed my expressed disinclination to allow unnecessary

bench conferences precluded him from raising this matter outside the presence of the

jury.  Although I told both parties at the trial preparation conference that I discouraged

sidebars unless the matter in question was akin to having "severed your dominant arm

at the elbow and you are unable to stop the bleeding without a bench conference," I

---

[3]  Indeed, Mr. Feola goes so far as to again insinuate that defense counsel's questioning of the witness's memory was tantamount to witness intimidation.  (Plf. Resp. at 6-7 n.2.)  Nothing in the record of this case, including the witness's own proffer regarding the conversation with defense counsel, even remotely supports this characterization of defense counsel's actions.

would expect even a novice practitioner to realize that accusing opposing counsel of

suborning perjury or attempting in intimidate a witness in front of the jury was

functionally equivalent to my metaphorical scenario.

Therefore, I find and conclude that, viewed objectively, Mr. Feola's actions in

precipitating the mistrial of this case demonstrated recklessness and indifference to the

law and to his duties to this court.  An award of the excess fees and costs incurred as a

result of his conduct is, therefore, appropriate under 28 U.S.C. § 1927.[4]  Moreover, I

find it appropriate in this case to exercise my discretion in favor of such an award.  This

appears to me to be the only way to convince Mr. Feola of the gravity of his conduct.

Nevertheless, defendant is not entitled to recoup, as it has requested, all fees

and costs it incurred from the day before the trial preparation conference until the day

of the mistrial.  With respect to attorney's fees, defendant is entitled only to its "excess"

fees, that is, the fees attributable to time and effort it permanently lost as a result of Mr.

Feola's dereliction.  Defense counsel's trial preparation time was not lost in this

relevant sense, since the work done during that time will continue to be germane to any

retrial of this matter.

Moreover, even though I find that defendant is entitled to recoup attorney's fees

attributable to time actually spent in court, section 1927 expressly limits recovery of

such fees to those that were "reasonably incurred."  Defendant has not shown that it

was necessary or reasonable for it to staff this straightforward, single-claim,

---

[4] Tthus, I do not consider whether an award of attorney's fees might be warranted pursuant to the court's inherent powers.

employment case with two partners.  I conclude that it was not.  Thus, I find that the

fees recoverable are those attributable to attendance of lead attorney Mary H. Stuart

and paralegal Ann Stolfa, *see Alter Financial Corp. v. Citizens and Southern*

*International Bank of New Orleans*, 817 F.2d 349, 350 (5th Cir. 1987),[5] at the trial

preparation conference on January 26, 2007, and during the day and a half of trial from

February 12 to 13.  Therefore, I find that defendant is entitled to $8,260 in attorney's

fees as a sanction against Mr. Feola for violation of section 1927.[6]

---

[5] Although Ms. Stolfa's hourly rate ($175/hr.) is substantially higher than that I might typically find reasonable for paralegal time, I find that compensation at this rate is reasonable in this case both because Ms. Stolfa has over 20 years of experience and because I would have found it equally reasonable for defendant to staff the case with a second, junior-level associate attorney, who might be expected to bill at a similar hourly rate.

[6] The trial preparation conference lasted 38 minutes.  (*See Courtroom Minutes* [#177], filed January 26, 2007.)  The trial was held from 8:00 a.m. until 4:55 p.m. (8 hours, 55 minutes) on February 12 (*see Courtroom Minutes – Jury Trial Day One* [#189], filed February 12, 2007), and from 8:18 a.m. until 1:30 p.m. (5 hours, 12 minutes) on February 13 (*see Courtroom Minutes – Jury Trial Day two* [#190], filed February 14, 2007).

Based on this amount of time and a reasonable hourly rate of $385.00 for Ms. Stuart and $175.00 for Ms. Stolfa, the amount of the award is comprised as follows:

1) Trial Prep Conference:  TOTAL: $354.66

      (a) Stuart: $6.42/min. ($385/60) x 38 min. = $243.83
      (b) Stolfa: $2.92/min. ($175/60)x 38 min. = $110.83

2) Trial: TOTAL: $7,905.78

      (a) Stuart: $5,435.14

       (1) Day 1: ($385/hr x 8 hrs. = $3,080.00) + ($6.42/min x 55 min. = $353.10)
           TOTAL DAY 1:  $3,433.10
       (2) Day 2: ($385/hr. x 5 hrs. = $1925.00) + ($6.42/min x 12 min. = $ 77.04)
           TOTAL DAY 2: $2,002.04

      (b) Stolfa: $2,470.64

       (1) Day 1: ($175/hr. x 8 hrs. = $1,400.00) + ($2.92/min x 55 min. = $160.60)
           TOTAL DAY 1: $1,560.60
       (2) Day 2: ($175/hr. x 5 hrs = $875) + ($2.92 x 12 min. = $35.04)
           TOTAL DAY 2: $910.04

Costs recoverable under section 1927 include only those taxable under 28

U.S.C. § 1920.  ***Roadway Express***, 100 S.Ct. at 2460-61; ***Resolution Trust***

***Corporation v. Dabney***, 73 F.3d 262, 267 (10th Cir. 1995).  Expenses that are not

specifically authorized by section 1920 are not recoverable as costs.  ***Crawford Fitting***

***Co. v. J.T. Gibbons, Inc.***, 482 U.S. 437, 441-42, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385

(1987); ***Bee v. Greaves***, 910 F.2d 686, 690 (10th Cir. 1990).  For these reasons, none

of the costs for which defendant here seeks reimbursement is recoverable under

section 1927.  ***See, e.g.***, ***Miller v. Cudahy Co.***, 858 F.2d 1449, 1461 (10th Cir. 1988)

(expert witness fees in excess of statutory per diem rate of reimbursement for

witnesses generally not recoverable as costs); ***Chaffin v. Kansas***, 2005 WL 387654 at

*2 (D. Kan. Feb. 17, 2005) (same with respect to travel expenses).[7]

Finally, I refuse defendant's invitation to further sanction plaintiff by striking Lisa

Ford as a witness.  Defendant provides absolutely no authority to support this

outlandish request.[8]  Similarly, defendant's request that any retrial of this matter be

stayed pending satisfaction of the award of sanctions is wholly without support.[9]

---

[7] Although costs associated with videotaping a deposition may be taxable as costs under the law of this circuit, ***see Tilton v. Capital Cities/ABC, Inc.***, 115 F.3d 1471, 1477 (10th Cir. 1997), there is no clear authority providing for recovery of a video technician's time in preparing for and attending trial. Assuming *arguendo* that there were, it would be defendant's burden to show that such costs were necessary to its case.  ***Battenfeld of America Holding Co. v. Baird, Kurtz & Dobson***, 196 F.R.D. 613, 615-16 (D. Kan. 2000); ***see generally***, ***English v. Colorado Department of Corrections***, 248 F.3d 1002, 1013 (10th Cir. 2001).  This defendant has not done.

[8] To the extent defendant continues to believe that a deposition of this witness is required, it may file a separate motion making an appropriate showing as to why any specific discovery is necessary and should be allowed out of time.

[9] As is Mr. Feola's request that execution of the sanction be stayed pending final resolution of this case on the merits.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant A.G. Edwards & Sons, Inc.'s Motion for Attorneys' Fees and Costs** [#194], filed February 28, 2007, is **GRANTED IN PART** and **DENIED IN PART**;

2. That the motion is **GRANTED** with respect to defendant's request for sanctions against plaintiff's counsel, David C. Feola, under 28 U.S.C. § 1927;

3. That defendant, A.G. Edwards & Sons, Inc., is **AWARDED** $8,260 in excess attorney's fees, against David C. Feola;

4. That the award **SHALL BE PAID** by no later than close of business on **Tuesday, October 9, 2007**;

5. That this sanction is **IMPOSED** against plaintiff's counsel, David C. Feola, personally, and not against plaintiff, Judy Ann Bat, herself, and that plaintiff's counsel, David C. Feola, **SHALL BE** solely responsible for payment of the sanction as required by this order;

6. That in all other respects, the motion is **DENIED**; and

7. That the court **SHALL CONDUCT** a telephonic setting conference on **Tuesday, August 21, 2007**, at **10:00 a.m.**, to reschedule this action for Trial Preparation Conference and trial by jury; provided, furthermore, that counsel for plaintiff shall arrange, initiate, and coordinate the conference call necessary to facilitate the setting conference with the court's administrative assistant, Ms. Susan Schmitz (303-335-2350).

Dated August 9, 2007, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge