IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-02225-REB-BNB

JUDY ANN BAT,

Plaintiff,

v.

A.G. EDWARDS & SONS, INC.,

Defendant.
_____

**ORDER**
_____

This matter is before me on **Defendant's Motion to Take the Deposition of Lisa Ford** [Doc. # 216, filed 10/9/2007] (the "Motion"). The Motion is GRANTED.

A mistrial was declared by the district judge after the following exchange during the second day of trial:

> Q [by Mr. Feola] Do you have any recall whatsoever of Mr. Moorman ever contacting you, identifying life insurance cases that you had worked on with Ms. Bat, or that you had worked on and asking you whether you had worked on it with Ms. Bat?
>
> A [by Lisa Ford] I do not recall a conversation with Dan Moorman regarding this issue.
>
> Q And did you tell Ms. Stuart [defendant's counsel] that?
>
> A Yes, I did.
>
> Q Did anything in the conversation you had with Ms. Stuart trouble you?
>
> MS. STUART: I am going to object, your Honor, to the hearsay.

>THE COURT: Response.
>
>MR. FEOLA: Your Honor, I am not asking her to relay the truth. I am not even asking her to relay a statement, let alone am I trying to establish any truth of any out-of-court statement.
>
>MS. STUART: Then I would also object on relevance grounds.
>
>THE COURT: Your response to that objection.
>
>MR. FEOLA: Your Honor, unfortunately my proffer is that if allowed to testify, Ms. Ford would testify that she--
>
>THE COURT: I don't want a proffer. I want your response to the objection.
>
>What consequential fact or facts will be implicated by the response to this question?
>
>MR. FEOLA: In an attempt to influence testimony
>
>THE COURT: Pardon me?
>
>MR. FEOLA: In an attempt to influence testimony.

Reporter's Transcript [Doc. # 213, filed 8/7/2007] at p.159 line 7 through p.160 line 10.

In a proffer outside the presence of the jury, Mr. Feola obtained the following testimony and engaged in a colloquy with the court concerning the purpose of his line of inquiry:

>A [by Ms. Ford] I got out of my meeting to call her [Ms. Stuart], and she proceeded to ask me not [one] question but probably ten questions, and I even asked her about that, you know, why are you continuing to ask me questions, and she said, you said this last summer, and she said that my company had refused to work with Judy. I said that's not what I said
>
>So essentially the gist of the conversation, I felt like she was twisting what I had said to her in good faith, just trying to help her with this case, and was twisting what I was saying--what I said last

2

summer to make it sound good for her, and that was very frustrating to me because I am an honest person. I just want the truth of the case to get out, and I just want to be here and tell the truth, and I was very frustrated with my conversation with her because I felt she was twisting what I said.

MR. FEOLA: And, your Honor, that's the extent of my offer of proof.

THE COURT: Now, what did you intend to elicit from this witness in the presence of the jury?

MR. FEOLA: What I think the jury should know is that there was an attempt made by the defense to tamper with a witness and manipulate the truth of what she had previously represented to the defendants.

THE COURT: Well, with all due respect, what I hear is a lawyer reviewing statements, prior statements, with a witness, and essentially conducting, not under oath, cross-examination of the witness concerning those statements.

Now I don't know that that rises to the egregious level or use of the label "tampering."

Id. at p.163 line 2 through p.164 line 5.

In granting a mistrial, the district judge stated:

Quintessentially in open court on the record in the presence of the jury, counsel for plaintiff accused counsel for defendant of attempting to influence the testimony of Ms. Ford, essentially tampering with witness Ford or attempting to suborn perjury.

The thrust and purpose of that effort by the plaintiff, because plaintiff was unable to demonstrate relevance, was to impugn the integrity and credibility of defendant's counsel, and, thus, the defendant itself, and concomitantly all associated with defendant.

\* \* \*

Now, to effectively rebut the sting of this accusation, and the inference of impropriety by defendant's counsel, which rises to the level of criminal wrongdoing, counsel, Ms. Stuart, and her colleague, who monitored and audited counsel's conversation or

3

> conversations with witness Ford, would be required to testify, which, of course, would constrain her withdrawal, that of her colleague, and that of her law firm. And that *ipso facto* would constrain the declaration of a mistrial to permit defendant, a corporate entity, a reasonable opportunity to retain substitute counsel.
>
> On this record, considered as a whole, I find that this accusation in the presence of the jury is prejudicial. That it is, furthermore, irreparably prejudicial. That it cannot be cured conventionally or through the use of a putative curative statute.
>
> That quintessentially it implicates now the defendant's right to a fair trial, and that, therefore, a mistrial should and must be declared.

Id. at p.185 line16 through p.187 line 2.

Lisa Ford was listed on page 17 of the plaintiff's initial disclosures as the 47th and last individual likely to have discoverable information that the plaintiff might use to support her claims. The description of the subjects of information which Ms. Ford was thought to have information stated merely that Ms. Ford might "have[] knowledge or information concerning Ms. Bat's work performance." Motion at Exh.2 [Doc. # 216-3], p.17. Ms. Ford has not been deposed. Instead, according to the defendant's counsel:

> Ms. Stuart, lead counsel for A.G. Edwards, and another attorney for A.G. Edwards contacted Ms. Ford in the summer of 2006 to discuss what Ms. Ford was expected to testify about, and Ms. Ford responded that she was "flabbergasted" that she was listed as a witness for Ms. Bat. She further told the attorneys for A.G. Edwards that Ms. Bat had threatened to sue her and that she did not have any substantive knowledge of Ms. Bat's work performance.
>
> In February 2007, with trial only one week away, Ms. Stuart again contacted Ms. Bat about her expected trial testimony after plaintiff's counsel confirmed that Ms. Ford would be one of only four live witnesses he would call in support of plaintiff's case. By this time, Ms. Ford had spoken with Ms. Bat or her attorney. Ms.

4

> Ford, for unexplained reasons, changed her story. As Ms. Ford
> testified in open court, Ms. Stuart then confronted her with some of
> the statements she had made in their earlier summer 2006 telephone
> conversation as Ms. Ford denied saying those things.

Motion [Doc. # 216] at p.3.

A.G. Edwards seeks leave to depose Ms. Ford in anticipation of the renewed trial, set to begin on February 11, 2008. The deposition is sought for the following purposes:

> (a) to determine what Ms. Ford will testify to at trial, (b) to learn of
> the reason for the change in her recollection of events, (c) to learn
> about her intervening conversations with plaintiff or her counsel,
> (d) to gauge her credibility, and (e) to probe her apparently
> malleable recollection of events.

Defendant's Reply In Support of Motion to Take the Deposition of Lisa Ford [Doc. # 218, filed 11/13/2007] (the "Reply") at p.2.

The plaintiff opposes the deposition arguing that A.G. Edwards knew or should have known during the discovery period that Ms. Ford might be a witness, but failed inexcusably to take her deposition at that time; that the district judge has barred any testimony at the renewed trial concerning the conversation between Ms. Stuart and Ms. Ford which led to his declaration of a mistrial; that the district judge imposed a 30 day deadline for the parties to raise any issue concerning disqualification of opposing counsel, and A.G. Edwards did not seek the disqualification of plaintiff's counsel; and that the proposed deposition of Ms. Ford would be an abusive attack on her character "because it amounts to nothing more than 'why did you lie?'" Response to Defendant's Motion to Take Deposition of Lisa Ford [Doc. # 217, filed 10/29/2007] (the "Response") at pp.2-7.

The Final Pretrial Order states that discovery is completed. Final Pretrial Order [Doc. # 111, filed 3/17/2006] at Part 8. That order may be amended and discovery reopened only upon a showing of necessity to avoid manifest injustice. The factors to be considered in determining whether a party has shown that it will suffer manifest injustice include: (1) prejudice to the party opposing the modification of the pretrial order; (2) the ability of the party opposing modification to cure the prejudice; (3) disruption to the orderly and efficient trial of the case resulting from the modification; and (4) bad faith by the party seeking to modify the pretrial order. Koch v. Koch Industries, Inc., 203 F.3d 1202, 1222 (10th Cir. 2000). I find that the plaintiff will suffer no prejudice from a modification of the pretrial order allowing the deposition of Ms. Ford. To the contrary, the festering issues of the specifics of Ms. Ford's testimony, whether it has changed, and why it has changed (if it has) finally will be brought to light. The possibility of problems similar to those requiring the previous mistrial should be eliminated. The deposition will not disrupt the orderly and efficient trial of the case but, to the contrary, should facilitate an orderly and efficient trial. I find that there is no bad faith on the part of A.G. Edwards or its counsel in seeking to amend the Final Pretrial Order to allow the deposition of Ms. Ford.

I am aware of the order of the district judge at the time of the previous mistrial, as follows:

> And what counsel need to do now, before I will permit the matter to be rescheduled, is to determine if there are any latent issues concerning misconduct by an attorney which would cause the court to examine the qualifications of that counsel to serve.
>
> Now, in the case of Ms. Ford, that's a done deal. I have essentially sustained the objections of the defense on the grounds of relevance to her discussion of conversations that she had with Ms. Stuart

> and/or Ms. Stuart's colleague, but I don't know if that puts an end to that kind of presentation or not.
>
> And what I can't allow to happen is to come to the commencement of a second trial and in the second day learn that there will be a similar issue. So search and scour the evidence, please. If there are any other related issues, they are to be raised and resolved as soon as practicable.
>
> I am going to give counsel roughly 30 days in which to do that.

Reporter's Transcript [Doc. # 213] at p.189 line10 through p.190 line 1.

I can perceive of no purpose for the defendant to inquire of Ms. Ford about "her intervening conversations with . . . [plaintiff's] counsel" other than to set the stage for a motion to disqualify him. That was an issue the defendant was required to raise within 30 days of February 13, 2007. I will not now permit that inquiry. The remaining issues about which the defendant wishes to inquire are proper, however, and I will modify the Final Pretrial Order solely to allow the deposition of Ms. Ford on those topics.

IT IS ORDERED that the Defendant's Motion to Take the Deposition of Lisa Ford is GRANTED to allow the defendant to inquire about the following topics: (1) what Ms. Ford will testify to at trial; (2) the reason Ms. Ford's recollection of events has changed, if a change has occurred; (3) any conversations between Ms. Ford and the plaintiff; (4) issues relating to Ms. Ford's credibility; and (5) Ms. Ford's recollection of events relevant to this action.

IT IS FURTHER ORDERED that the deposition of Ms. Ford shall occur, if at all, on or before **February 6, 2008**, and shall not exceed four hours in duration.

IT IS FURTHER ORDERED that the 11 day notice requirement of D.C.COLO.LCivR 30.1A shall not apply to the deposition of Ms. Ford. The parties shall work together to schedule

the deposition at a date and time mutually convenient to them and to the witness. Any difficulty in reaching an agreement as to the date and time of the deposition shall be brought to my attention immediately.

Dated January 25, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge