IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge

Civil Case No. 04-cv-02225-REB-BNB

JUDY ANN BAT,

    Plaintiff,

v.

A.G. EDWARDS & SONS, INC.,

    Defendant.

---

## ORDER DENYING MOTION FOR NEW TRIAL

**Blackburn, J.**

The matter before me is **Plaintiff's Motion for New Trial** [#239], filed March 6, 2008. I deny the motion.

### I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question).

### II. STANDARD OF REVIEW

When a case has been tried to a jury, a new trial may be granted "for any of the reasons for which new trial have heretofore been granted in actions at law in the courts of the United States." **FED.R.CIV.P.** 59(a)(1). A motion for new trial "is not regarded with favor and should only be granted with great caution." ***United States v. Kelley***, 929 F.2d 582, 586 (10th Cir. 1991). The decision whether to grant a new trial is committed to the sound discretion of the trial court. ***Id.***

## III. ANALYSIS

Plaintiff's single claim of retaliation under Title VII was tried to a jury on February 11-14 and 19- 21, 2008. The jury returned a verdict in favor of defendant. Plaintiff claims now that a new trial is warranted because Instruction No. 15 impermissibly tracked the burden-shifting analysis of the **McDonnell Douglas** framework and erroneously forced her to disprove defendant's proffered explanation.

Although plaintiff is correct that the jury is not to be instructed on the **McDonnell Douglas** burden-shifting analysis used in determining motions for summary judgment under Title VII, **see Whittington v. Nordam Group, Inc.**, 429 F.3d 986, 993 (10th Cir. 2005), Instruction No. 15 did not transgress that prohibition. Instead, the instruction was directed to the discrete issue of pretext, as to which, in this Circuit, an instruction "is required where, as here, a rational finder of fact could reasonably find the [employer's] explanation false and could infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose." **Miller v. Eby Realty Group LLC**, 396 F.3d 1105, 1115 (10th Cir. 2005) (quoting **Townsend v. Lumbermens Mutual Casualty Co.**, 294 F.3d 1232, 1241 (10th Cir. 2002)) (citation and internal quotation marks omitted; alteration in original).

More to the point, the instruction did not impermissibly suggest to the jury that plaintiff was required to disprove defendant's proffered reasons. Plaintiff's citation to the language of the instruction misleadingly omits the final two sentences. Read in its entirety, the instruction clearly and correctly explained plaintiff's burden of proof:

> In considering plaintiff's claim of retaliation under Title VII, the essential elements of which are set forth in Instruction

2

> No. 9, you must also consider any legitimate, nondiscriminatory reason or explanation stated by defendant.
>
> Unless plaintiff proves by a preponderance of the evidence that defendant's stated reason was not the true reason for its decision but only a pretext or excuse to retaliate against plaintiff because of her opposition to gender discrimination, then you must find in favor of defendant. ***If you find that defendant's stated reason is unworthy of belief, you may – but need not – infer that defendant's true motive was retaliatory.***
>
> ***Remember that the ultimate issue you must decide is whether plaintiff has proven the essential elements of her claim by a preponderance of the evidence.***

(**Jury Instructions** [#235], filed February 21, 2008 (emphasis added).) "To be improper under **Reeves** [**v. Sanderson Plumbing Products, Inc.**, 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)], the instructions would have had to tell the jury that evidence of pretext must be supplemented by evidence more extensive than that necessary to support the prima facie case." **Craft v. Dillon Companies, Inc.**, 80 Fed. Appx. 92, 93 (10th Cir. Oct. 31, 2003) (quoting **Brown v. Packaging Corp. of America**, 338 F.3d 586, 594 (6th Cir. 2003)) (internal quotation marks omitted). Instruction No. 15 did no such thing. The full instruction correctly reflected that the jury was entitled to infer pretext if it concluded that defendant's proffered explanation was unworthy of belief and kept the jury appropriately focused on plaintiff's burden to prove the essential elements of her retaliation claim. **See Reeves** 120 S.Ct. at 2108-09; **Townsend**, 294 F.3d at 1241 ("[A] trial court must instruct jurors that if they disbelieve an employer's proffered explanation they may--but need not--infer that the employer's true motive was discriminatory."). Indeed, it would have constituted error to refuse to give such an

instruction on the facts of this case. ***Townsend***, 294 F.3d at 1241 & n.5.

**THEREFORE, IT IS ORDERED** that **Plaintiff's Motion for New Trial** [#239], filed March 6, 2008, is **DENIED**.

Dated November 4, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**